Adil M. Khan (SBN CA 254039)
Adil.Khan@gtlaw.com
John Richards *(Pro Hac Vice Pending)*
John.Richards@gtlaw.com
Tonya Esposito *(Pro Hac Vice Pending)*
Tonya.Esposito@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Brian C. Gee (SBN CA 317436)
geeb@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508

Attorneys for Defendant
ABERCROMBIE & FITCH TRADING CO., d/b/a
WWW.HOLLISTER.COM

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABERCROMBIE & FITCH TRADING CO., an Ohio Corporation, d/b/a WWW.HOLLISTER.COM,<br><br>Defendant. | Case No. '25CV1890 JES DEB<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(d) AND 1453**<br><br>Filed (state court): June 24, 2025<br><br>Removed: July 25, 2025 |

**PLEASE TAKE NOTICE** that Defendant Abercrombie & Fitch Trading Co. d/b/a www.hollister.com ("Abercrombie") hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Diego (Case No. 25CU033184C, the "State Court Action") to the United States District Court for the Southern District of California. This removal is made pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453.

Abercrombie denies the allegations and requests for relief sought in the Complaint, and it files this Notice without waiving any rights, remedies or defenses. Abercrombie does not concede, and specifically reserves, all rights to contest the suitability of this lawsuit for certification as a class action.

A removing defendant is required to provide only a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).[1] If a challenge is raised to the Court's jurisdiction, Abercrombie will provide evidence to support the allegations in this pleading.

## I.   RELEVANT PROCEDURAL HISTORY

1. Plaintiff Rebeka Rodriguez ("Rodriguez" or "Plaintiff") filed the putative Class Action Complaint ("Complaint") in the Superior Court of California for the County of San Diego. In the Complaint, Plaintiff seeks to assert claims "on behalf of all persons similarly situated" based on a proposed class of California customers. (**Exhibit A** (Complaint) ¶ 22.)

2. True and correct copies of all process, pleadings, and orders in the State Court Action that are not included in Exhibit A are attached as **Exhibit B**.

---

[1] *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'").

3. Exhibit B includes the proof of service that Plaintiff filed. This proof of service shows that Plaintiff apparently served Abercrombie on June 27, 2025.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of Abercrombie being served.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

5. Plaintiff alleges that "Defendant, through its Website, offers products for sale to California consumers." (Ex. A (Complaint) ¶ 6.) According to Plaintiff, "Defendant advertises fictitious prices (and corresponding phantom discounts) on such products," and "this practice allows Defendant to fabricate a fake 'reference' price, and present the actual price as 'discounted,' when it is not." (*Id.* ¶ 7.) Plaintiff further alleges that the "reference price" on Abercrombie's website www.hollister.com ("Website") was not the "prevailing market price" in the 90 days before a customer's purchase, so she claims the advertisements are misleading. (*Id.* ¶¶ 9-10, 17, 27, 33, 39-42.) Based on this theory, Plaintiff claims Abercrombie "induces customers to buy products they never would have bought—or at the very least, to pay more for merchandise than they otherwise would have if Defendant was simply being truthful about its 'sales.'" (*Id.* ¶ 11; *see also id.* ¶¶ 20, 43 (similar).)

6. Even though Plaintiff supposedly bought just one item from the Website, her claims and requests for relief place in controversy *every* product sold at a discount to customers in California. (*See, e.g., id.* ¶¶ 22 (defining proposed class of "all persons who purchased <u>any product</u> from Defendant's Website while in California at a purported discount from a higher reference price.") (emphasis added), 21 ("Plaintiff has no realistic way to know which—if any—of Defendant's regular prices, discounts and sales are not false or deceptive.").)

7. Based on these allegations, Plaintiff asserts two claims under: (i) the False Advertising Law (Cal. Bus. & Prof. Code § 17501 "FAL"); and (ii) the Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*; "CLRA"). (*See* Ex. A (Complaint) ¶¶ 30-46.)

2
NOTICE OF REMOVAL OF CIVIL ACTION

## III.   VENUE

8.   Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the location where the State Court Action was pending at the time of removal.

## IV.   JURISDICTION

9.   CAFA (28 U.S.C. §§ 1332(d) and 1453) grants this Court jurisdiction over this action because: (i) this case meets CAFA's definition of a "class action"; (ii) the putative class consists of more than 100 members; (iii) there is minimal diversity of citizenship; (iv) the amount in controversy, after aggregating the sum or value of each proposed class member's potential claim, exceeds $5 million (exclusive of interest and costs); and (v) no defendant is a state, state official, or other governmental entity. *See* 28 U.S.C. § 1332(d).

### A.   This Action Fits CAFA's Definition of a "Class Action."

10.   CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ." 28 U.S.C. § 1332(d)(1)(B).

11.   Plaintiff titled her operative pleading a "*Class Action* Complaint." (Ex. A (Complaint) at 1 (emphasis added).) The Complaint explains that "Plaintiff brings this action on behalf of all persons similarly situated . . . ." (*Id.* ¶ 22.) The Complaint also includes a section on "Class Allegations." (*Id.* ¶¶ 22-29.) And Plaintiff seeks to certify a putative class meeting the following proposed definition: "All persons who purchased any product from Defendant's Website while in California at a purported discount from a higher reference price." (*Id.* ¶ 22.) Finally, Plaintiff's Prayer for Relief requests "an order certifying that the action be maintained as a class action, that Plaintiff be designated as the class representative, and that undersigned counsel be designated as class counsel[.]" (*Id.* at 14:8-10.) Based on Plaintiff's allegations, this lawsuit meets CAFA's definition of a "class action."

### B. The Putative Class Consists of More than 100 Members.

12. CAFA requires more than 100 putative class members for removal. 28 U.S.C. § 1332(d).[2] Plaintiff alleges that there are at least 50 members of the class but admits that she does not know the exact number or identities of these other customers. (*Id.* ¶ 24.) Based on a review of its business records, Abercrombie alleges that more than 100 customers bought merchandise at a discounted price from the Website while in California during the three-year period preceding the Complaint's filing.[3] Thus, the 100-class-member threshold is met.

### C. This Action Meets CAFA's Diversity Requirements.

13. Diversity under CAFA exists if the citizenship of "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that she is a resident of California. (Ex. A (Complaint) ¶ 4.) Abercrombie is thus informed and believes that at least one putative class member—including Plaintiff—is a California citizen.[4]

15. For diversity purposes, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal

---

[2] Although Abercrombie concedes that the putative class meets the threshold for CAFA jurisdiction, Abercrombie denies any suggestion that this lawsuit will ultimately be appropriate for class treatment.

[3] The Court may consider purchases within the preceding three years because that is the statute of limitations on both Plaintiff's FAL and CLRA claims. *See* Cal. Code Civ. Proc. § 338(a) (three-year limitations period for statutory claims like FAL); Cal. Civ. Code § 1783 (three-year limitations period for CLRA claims); *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 957 (N.D. Cal. 2019) (recognizing three-year limitations period for FAL claims).

[4] In a notice of removal, "a defendant's allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

place of business." 28 U.S.C. § 1332(c)(1). Plaintiff alleges that Abercrombie is an Ohio corporation, but the company is actually incorporated in Delaware. (Ex. A (Complaint) at 1.) Her Complaint also references "Defendant's out-of-state headquarters," and she alleges "Defendant has no principal place of business in California." (*Id.* ¶ 45.) That's because Abercrombie's principal place of business is in Ohio. Thus, Abercrombie is a citizen of Delaware and Ohio for purposes of this removal.

16. CAFA's minimal diversity requirement is satisfied because at least one putative class member—including Plaintiff—is a citizen of California, on the one hand, and Abercrombie is a citizen of Delaware and Ohio, on the other. *See* 28 U.S.C. § 1332(d)(2)(A).

**D.    The Amount in Controversy Exceeds the CAFA Threshold of $5 Million.**

17. Federal courts have original jurisdiction under CAFA for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In determining whether that threshold is met, the claims of the individual class members are aggregated. *See* 28 U.S.C. § 1332(d)(6). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (quotation marks omitted).

18. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (same).

19. Plaintiff does not quantify the monetary relief sought, and Abercrombie denies that Plaintiff and the putative class are entitled to any damages or other monetary relief. But taking Plaintiff's allegations as true for purposes of removal *only*, her claims satisfy CAFA's threshold.

20. Again, Plaintiff seeks to certify a putative class consisting of "All persons who purchased any product from Defendant's Website while in California at a purported discount from a higher reference price." (Ex. A (Complaint) ¶ 22.) For monetary relief, she seeks damages and restitution, including "full refund[s]" and "refund[s] in equity" for all items sold at a discount. (*Id*. ¶¶ 18, 20, 22.) The Prayer for Relief lists "all available legal, equitable, and declaratory relief," along with "statutory damages" and "attorneys' fees and costs . . . ." (*Id*., Prayer ¶¶ b-d.)

21. As shown below, Plaintiff's request for restitution alone places more than $15,000,000 in controversy, well above CAFA's minimum.

22. Plaintiff alleges that Abercrombie "advertises fictitious regular prices (and corresponding phantom discounts) on products sold through its website . . ." (Ex. A (Complaint) ¶ 1.) According to Plaintiff, the reference price listed on the Website was not the prevailing market price in the preceding 90 days. (*Id*. ¶¶ 9, 33.)

23. Based on these allegations, Plaintiff claims that Abercrombie "fabricate[s] a fake 'reference price,' and present[s] the actual price as 'discounted,' when it is not." (Ex. A (Complaint) ¶ 1.) Thus, she alleges that "as a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and members of the Class have suffered injury in fact and have lost money." (*Id*. ¶ 30.)[5]

24. "Courts have broad discretion under the UCL and FAL to fashion restitution that is tailored to the specific nature of the case and the harm caused." *Ostrovskaya v. St. John Knits, Inc.*, 2022 WL 2102895, at *5 n.8 (C.D. Cal. Mar. 31, 2022); *see also Russell v. Kohl's Dep't Stores, Inc.*, 2015 WL 12781206, at *4 (C.D. Cal. Oct. 6, 2015) ("plaintiffs

---

[5] For her own transaction, Plaintiff alleges that she paid $6.99 for a "Short-Sleeve Crew Baby Tee" advertised as discounted from the original price of $14.95. (Ex. A (Complaint) ¶ 8.) In other words, Plaintiff alleges she believed she was getting a total discount of $7.96—around 53%. (*Id*.) Plaintiff alleges she would not have bought this item at the price she paid if she had known what she alleges to be the truth, and she alleges the same theory for all other class members. (*Id* ¶¶ 11, 20, 37, 43.)

[asserting UCL and FAL claims] may pursue alternative measures of restitution as long as the recovery sought represents a measurable amount supported by the evidence").

25. In cases alleging improper reference pricing, some courts say that restitution can be measured by "what a purchaser would have paid at the time of purchase had the purchaser received all the information," but that other methods can be appropriate—like "rescission and refund," "transaction value," or "restitutionary disgorgement." *Russell v. Kohl's Dep't Stores, Inc.*, 2015 WL 12781206, at *5 (C.D. Cal. Oct. 6, 2015); *see also Calderon v. Kate Spade & Co., LLC*, 2020 WL 1062930, at *8 (S.D. Cal. Mar. 5, 2020) (observing that "the Court could fashion a remedy by rescinding the transactions and refunding the amounts paid for the goods"). Under one potential formulation, a plaintiff can recover "an amount that equals . . . the difference between their expected and received value." *Spann v. J.C. Penney Corp.*, 2015 WL 1526559, at *7 (C.D. Cal. Mar. 23, 2015).

26. Plaintiff's Complaint does not specify how she seeks to measure restitution. Even so, her allegations support multiple ways of showing that the amount in controversy exceeds $5,000,000.

27. **Plaintiff's alleged refund theory.** Plaintiff claims that she and other putative class members "would not otherwise have purchased [Defendant's merchandise], but for Defendant's [alleged] representations." (Ex. A (Complaint) ¶ 20; *see also id.* ¶ 43 ("Had Plaintiff known the truth of the matter, i.e., that the reference price of the Product was false or misleading, Plaintiff would not have purchased the Product.").) Based on that theory, she seeks "a full refund as damages" and "a refund in equity." (*Id.* ¶ 20.) Plaintiff's pursuit of refunds by itself places more than $5,000,000 in controversy. Based on a review of the relevant sales data, Abercrombie's sales of discounted merchandise through the Website to California customers exceeded $15,000,000 (net of returns) during the three-year limitations period.[6]

---

[6] *See* Cal. Code Civ. Proc. § 338(a) (three-year limitations period for statutory claims like FAL); Cal. Civ. Code § 1783 (three-year limitations period for CLRA claims).

28. **Plaintiff's discount theory of recovery.** Another reasonable and conservative option for removal purposes is to estimate the allegedly misrepresented value of all sales by applying the discount Plaintiff alleges about the products sold. As shown, Plaintiff's allegations about her purchase suggest that products advertised and sold on the Website are discounted by at least 50 percent. (Ex. A (Complaint) ¶¶ 8-9.) Again, the relevant sales data shows that Abercrombie's sale of discounted merchandise through the Website to California customers exceeded $15,000,000 (net of returns). Applying the 50% discount alleged by Plaintiff to estimate the supposedly misrepresented value of those sales yields $7,500,000—more than the CAFA threshold.

29. If challenged or requested by the Court, Abercrombie will submit the evidentiary detail supporting these calculations.

### E. Abercrombie Is Not a State, State Official, or Other Governmental Entity.

30. Abercrombie is not a state, state official, or other governmental entity.

## V. NOTICE TO PLAINTIFF AND SERVICE ON THE STATE COURT

31. As required by 28 U.S.C. § 1446(d), Abercrombie will serve written notice of this Notice of Removal on Plaintiff, and Abercrombie will file a copy of this Notice of Removal with the clerk of the Superior Court of California for the County of San Diego, California.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## VI. CONCLUSION

32. As shown above and in the supporting Exhibits, this lawsuit meets CAFA's requirements. WHEREFORE, this action, which was previously pending in the Superior Court of California for the County of San Diego, California, is hereby removed to this Court.

Dated: July 25, 2025

GREENBERG TRAURIG, LLP

By: */s/ Adil M. Khan*
Adil M. Khan
John Richards
Tonya Esposito
Attorneys for Defendant Abercrombie & Fitch Trading Co., d/b/a www.hollister.com
Adil.khan@gtlaw.com
John.Richards@gtlaw.com
Tonya.esposito@gtlaw.com

# ATTACHMENT